Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida
Jacksonville Division

*Provided to Suwannee Correctional Institution on JUL 27 2023 for mailing by: CMQ*

RICHARD HARRIS
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

C.O. ROSADO,
CAPTAIN MOORE,
SARGENT AUSTIN,
SARGENT MANNING
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:23-CV-895-BJD-PPR
(to be filled in by the Clerk's Office)

FILED 2023 JUL 31 PM 2:23 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FL JACKSONVILLE FL

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

      Name: RICHARD HARRIS
      All other names by which you have been known:
      ID Number: L24755
      Current Institution: Suwannee C.I.
      Address: 5964 U.S. Highway 90
      Live Oak, Fla. 32060
      City / State / Zip Code

   B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
      Name: ROSADO
      Job or Title (if known): Correctional Officer
      Shield Number:
      Employer: Florida Department of Corrections
      Address: Suwannee C.I., 5964 U.S. Highway 90
      Live Oak, Fla. 32060
      City / State / Zip Code
      [✓] Individual capacity  [✓] Official capacity

Defendant No. 2
      Name: MOORE
      Job or Title (if known): Correctional Officer, Captain
      Shield Number:
      Employer: Florida Department of Corrections
      Address: Suwannee C.I., 5964 U.S. Highway 90
      Live Oak, Fla. 32060
      City / State / Zip Code
      [✓] Individual capacity  [✓] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
Name: AUSTIN
Job or Title (if known): Correctional Officer, Sargent
Shield Number:
Employer: Florida Department of Corrections
Address: Suwannee C.I., 5964 U.S. Highway 90
Live Oak — Fla. — 32060
City — State — Zip Code
☑ Individual capacity ☑ Official capacity

Defendant No. 4
Name: MANNING
Job or Title (if known): Correctional Officer, Sargent
Shield Number:
Employer: Florida Department of Corrections
Address: Suwannee C.I., 5964 U.S. Highway 90
Live Oak — Fla. — 32060
City — State — Zip Code
☑ Individual capacity ☑ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_See Attachment More Space Need: Constitutional Rights Violated_

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Page 3 of 11

Basis for Jurisdiction Attachment: Constitutional rights being violated;

1. C.O. Rosado's retalitory actions against plaintiff for his protected conduct of filing suit against the warden of Suwannee C.I., violates the First Amendment. Him (C.O. Rosado), going in plaintiff's cell and confiscating and discarding plaintiff's Court documents and writings to organizations on prison staff abuse, also violate the First Amendment and the equal rights clause of the Fourteenth Amendment.

2. C.O. Rosado's repeatedly denying plaintiff right to shower in retaliation (or any reason besides plaintiff being a security risk), is cruel and unusual punishment and violates the Eighth Amendment.

3. Captain Moore's refusal to intervene and or stop the unconstitutional actions of his subordinate, while being present in the midst of them occurring violate the Eighth Amendment.

4. Sargent Austin's refusal to intervene and or stop the retalitory, unconstitutional actions of his subordinate, violate the Eighth Amendment.

5. Sargent Manning's refusal to intervene and or stop the retalitory, unconstitutional actions of his subordinate, violate the Eighth Amendment.

Page 1 of 1

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

At all times mentioned herein, each defendant was acting in their position as a F.D.O.C. employee, and was acting under color of law.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

These events took place at Suwannee C.I., during the month of July 2023.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

    C.    What date and approximate time did the events giving rise to your claim(s) occur?

On July 11th, 2023; between the time of 7pm-9pm. On July 12th, 2023; between the time of 6:30pm-9pm. On July 14th, 2023; between the time of 6pm-8pm. On July 21st, 2023; between 7pm-9pm.

    D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

More space needed see Statement of Claim;D attachment.

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Emotional and mental stress and duress. I see my mental health counselor regurly and take mental health medications.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

More space need, see Relief attachment.

## IV. Statement of Claims, D/A-Facts in Support.

1. Plaintiff is a inmate at Suwannee C.I., and was subject to a retalitory staff assault, that left him with serious injuries, which causes him to have back spasms, that leave him immobile for hours at a time; and have to use a walker to ambulate the rest of the time.

2. Plaintiff is also on CM (close management), which is 24 hour lock down.

3. On July 11th, 2023, on E1, between the time of 7:30pm-9:30pm, there was a "shake down", or massive cell search; in which each inmate was pulled from their cell in hand-cuffs and placed in the shower while their cell's are searched.

4. When the officers got to plaintiff's cell, E1-108, they place his roommate Melvin Haywood # M49620 in handcuffs and took him to the shower, while plaintiff reported to the officer that he was having back problems and couldn't even sit up. The officer then reported this to the OIC (officer in charge) Captain Moore.

5. Once Captain Moore entered the cell and saw plaintiff was really in pain and couldn't move, he ordered the officer to search while plaintiff lay in bed. But Captain Moore called officer Rosado, who works E-dorm often, and asked him, "do you know of this inmate having back problems"? Rosado stood at the door of plaintiff's cell, and said, "this is the asshole who filed a lawsuit on the warden." "Everytime we do showers he gets up. The next time we shower inmates, or whenever I'm here, he can't get shit. And if he does come out to shower, I'm gone take all his shit."

6. All confinement/segregation/CM dorms and or units, in the F.D.O.C. are equipped with audio and video recording devices, due to the high volume of excessive forces and inmate deaths which take place in such units. So everything said at the door of the cell by Rosado were recorded.

7. Showers are done 3 times a week on CM. For E1, that's Monday, Wednesday, and Fridays. On 7/12/23, a shower day; at around 6:30pm-8:30pm, defendant Rosado placed plaintiff's roommate in handcuffs, had the cell door rolled, and took plaintiff's roommate to the shower, saying to plaintiff before the cell door closed, "no shower for you." Plaintiff called the dorm Sgt., defendant Austin to the cell door and said, "why am I being denied my shower? I did nothing wrong, this is retaliation for my litigation against staff, and violates my rights." Defendant Austin said, "whatever you and Rosado get going on between y'all."

8. When Captain Moore walked on the unit to do rounds, plaintiff stopped him at the cell door and said, "Rosado just denied me my right to shower on some retaliation shit." Defendant Moore responded, "well, he told you yesterday what he was gone do."

9. Defendant Rosado then came with side cuffs (which are used to handcuff inmates

Page 1 of 3

such cases, staff moved everyone to allow him to shower (on audio heard for 17 minutes), and told plaintiff to cuff up for a cell search. Plaintiff and his roommate (who had returned from the shower, about a hour ago) were handcuffed and pulled out the cell, and made to stand on the wall right outside the cell and watched, by defendants Moore, Austin, and 2 more officers, while defendant Rosado entered plaintiff's cell to search.

10. Defendant Rosado threw out plaintiff's writting pen, a bed sheet, and 2 Matzo cracker boxes, with crumpled up paper inside; which held no papers before defendant Rosado entered the cell. While waiting, plaintiff told defendants Moore and Austin (on audio), "this is wrong, Rosado fucking with me as retaliation. My shower is a right and not a privilege".

11. When defendant Rosado exited plaintiff's cell, plaintiff and his roommate were placed back in their cell. Upon organizing his property and paperwork (which was the only thing searched, the roommate's stuff was untouched), plaintiff discovered that the crumpled papers which were discarded, were his response to a motion to dismiss in case #3:22-CV-667-BJD-LLL, which had R.E. Lindblade ET AL., defendants on it's cover page (R.E. Lindblade is a Sargent at Suwannee C.I., who was previously a captain, who got demoted down 2 spots for disciplinary reasons), and plaintiff's essay on prisoner misttreatment, for Solitary Watch. Plaintiff was not allowed to shower.

12. The very next shower night, defendant Rosado repeated the process of allowing plaintiff's roommate to shower, but denying plaintiff his shower.

13. Then on 7/21/23, between 7pm-9pm, defendant Rosado came to plaintiff's cell, and said "no one in this cell showering tonight". This was done to try and provoke plaintiff's roommate to assault plaintiff.

14. Plaintiff called the dorm Sgt., defendant Manning to the cell and said, "I've given no problems the whole 5½ months I've been in this cell, yet in the last 2 weeks, Rosado has denied me my right to shower 4 times". Defendant Manning's response was, "regardless what or why my officer does anything, I'm backing my officer".

15. Plaintiff took defendant Manning' response as a threat; cause the Sgt. was basically saying, "if my officer comes in yourcell, places you in handcuffs, and beats you to death, I'm backing my officer". That and the fact that, all these actions took place on audio and video recordings are too sinister and scary for plaintiff to not seek some form of protection from the Courts.

16. In civil case #2:21-CV-646-SPC-NPM, plaintiff had a subpoena served to warden Lane of Suwannee C.I., to be given any information need to identify "Doe" defendants; including electronically stored information. Plaintiff wrote a inmate request detailing all the incidents described herein, and requested that the audio and video recordings from

the times, dates, and locations mentioned herein either occurred or sent to the Clerk of the Court, the same as the subpoenaed officer' address was.

17. Plaintiff placed a Certificate of Service on the request, wrote a copy for the Court in civil case #3:22-cv-01155-MMH-JBT and attached it to a Writ for Emergency protection Court can provide, had the both stamped and initialed by the legal mail representative and placed in her possession to furnish to the Warden of Suwannee C.I. and to the Clerk of Court on 7/24/23.

## VI. Relief Attachment:

Plaintiff respectfully prays that this Court enter judgement granting plaintiff:

1. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

2. A preliminary and permanent injunction ordering defendant(s), C.O. Rosado, to stop retaliating against plaintiff for his protected conduct; stop denying plaintiff the right to shower, or confiscating and discarding plaintiff's court documents and his writings speak out about mistreatment of prisoners. And for defendants Moore, Austin, and Manning to stop allowing the retalitory and unconstitutional actions to take place in their presence without intervening and or stopping them.

3. Compensatory damages in the amount of $25,000 against each defendant.

4. Punitive damages in the amount of $25,000 against each defendant.

5. A jury trial on all issues triable by jury.

6. Plaintiff's cost in this suit.

7. Any additional relief this Court deems just, proper, and equitable.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Suwannee C.I._

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

_N/A_

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes
☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes
☑ No

E. If you did file a grievance:

1. Where did you file the grievance?

   N|A

2. What did you claim in your grievance?

   N|A

3. What was the result, if any?

   N|A

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   N|A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here: I've been assaulted by staff at this institution and threatened for my use of the grievance. I fear for my life and safety; and feel the only reason staff have not come to my cell and beat me to death is because imminent danger orders from Courts. My use of process is chilled.

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any: I informed warden Lane, in my inmate request, requesting the audio and video recordings of the incidents in question be preserved and or mailed or sent to the Clerk of the Court. The request was given to the legal mail representative to be provided to Court & warden 7/24/23. No response yet.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Due to the machinations, intimidation, and threats by staff at Suwannee C.I., to plaintiff for use of grievance process, said process is not available to plaintiff. And plaintiff feels this current situation is leading to another staff assault on him.

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☑ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

The United States District Court, Middle District of Florida, Jacksonville Division dismissed my case against Shelly Glass, the classification supervisor of Suwannee C.I., & dismissed without prejudice, for not stating a claim which relief may be sought. I do not have the order.

Page 8 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)  RICHARD HARRIS
   Defendant(s)  ASST. WARDEN GOODWIN ET AL.,

2. Court *(if federal court, name the district; if state court, name the county and State)*
   United States District Court, Middle District of Florida, Jacksonville Division

3. Docket or index number
   3:22-CV-01155-MMH-JBT

4. Name of Judge assigned to your case
   Joel B. Toomey

5. Approximate date of filing lawsuit
   October 2022

6. Is the case still pending?
   ☑ Yes
   ☐ No
   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)* The case is still pending. I filed a Writ for Emergency Protection on 7/24/23, and used a copy of the request for the audio and video recordings as an exhibit.

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Page 9 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)  RICHARD HARRIS
   Defendant(s) ANDRE QUEST, JR.

2. Court *(if federal court, name the district; if state court, name the county and State)*

   United States District Court, Southern District of Florida

3. Docket or index number

   0:13-CV-61833-BB and 0:13-CV-62305-WJZ same case

4. Name of Judge assigned to your case

   Don't know, can't access info

5. Approximate date of filing lawsuit

   Sometime in 2013, can't access info to be more precise

6. Is the case still pending?

   ☐ Yes
   ☑ No

   If no, give the approximate date of disposition   Don't know

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   Dismissed without prejudice for lack of prosecution

VIII. Previous Lawsuit Attachment:

2. RICHARD HARRIS v. TRAVIS THOMPSON. Court; U.S. District Court, Southern District of Florida. Docket # 1:22-CV-20278-RLR. Judge; Robin L. Rosenberg. Filed; in January 2022. Administratively closed due to former F.D.O.C. employee being a fugitive of the law and can't be located for service.

3. RICHARD HARRIS v. R.E. LINDBLADE ET AL., Court; U.S. District Court, Middle District of Florida, Jacksonville Division. Docket # 3:22-CV-667-BJD-LLL. Judge; Laura L. Lambert. Filed; In June 2022. Still pending.

4. RICHARD HARRIS v. JAMES COTTE ET AL. Court; U.S. District Court, Middle District of Florida, Ft. Myers Division. Docket # 2:21-CV-646-SPC-NPM. Judge; Nicholas P. Mizell. Filed August 2021. Still pending.

5. RICHARD HARRIS v. FLORIDA DEPARTMENT OF CORRECTIONS ET AL. Court; U.S. District Court Middle District of Florida, Jacksonville Division. Docket # 3:23-CV-00315-MMH-PDB. Judge; unknown. Filed March 2023. Still pending.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7/27/23

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: RICHARD HARRIS
Prison Identification #: L24755
Prison Address: Suwannee C.I., 5964 U.S. Highway 90
Live Oak, Fla. 32060
City / State / Zip Code

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Address: _____
City / State / Zip Code
Telephone Number: _____
E-mail Address: _____

Page 11 of 11